IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                         CRIMINAL NO. 2:18-00272

MALCOLM R. GRIFFIN

MEMORANDUM OPINION AND ORDER

In Charleston, on April 14, 2026, came the defendant, in person and by counsel, Lex Coleman, Assistant Federal Public Defender; came the United States by Gabriel Price, Assistant United States Attorney; and came Senior United States Probation Officer Justin Gibson, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the Petition, filed on January 18, 2024, and the Amendment to the Petition, filed on February 5, 2026. The court found that the defendant had received written notice of the alleged violations as contained in the petition and the amendment and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  As to Violation Number 1 as outlined in both the petition and amendment, defendant

admitted that he pled guilty to the offenses of strangulation and unlawful wounding in Kanawha County Circuit Court and was sentenced on those charges on September 10, 2024, to 1 to 5 years of incarceration.  As to Violation Number 2 in the original petition, defendant admitted that he did not successfully complete anger management classes.  He explained that he was unable to do so because of his arrest on state charges.  Whereupon the court found that the charges as admitted by defendant were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 24 to 30 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of 24 months.  Neither party objected to the Guideline range and statutory penalty as determined by the court.

2

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of twenty-four (24) months. Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

3

The court considered defendant's argument that a below-guidelines sentence was called for because defendant would essentially be receiving three sentences---a West Virginia state sentence, a federal supervised release revocation sentence, and a possible parole violation sentence in Ohio---for the same underlying conduct.  However, the court found no merit to that argument because "when a district court revokes supervised release and requires reimprisonment, it is transforming a portion of the original sentence — the release portion — into imprisonment.  The reimprisonment is therefore conceptionally not a new punishment for the conduct violating the conditions of supervised release; rather, it is a sanction authorized as part of the original sentence for the original offense." United States v. Lewis, 90 F.4th 288, 294 (4th Cir. 2024).  As the Lewis court explained, "[b]ecause supervised release is always conditional, it follows that when a term of supervised release is imposed, the defendant's sentence for the offense of conviction remains open and not fully determined." Id. Therefore, for the reasons placed on the record at the hearing, the 24-month sentence imposed was an appropriate sentence for defendant's breach of trust.  See United States v. Evans, No. 23-4664, 2024 WL 3384837, at *1 (4th Cir. July 12, 2024) ("When

4

fashioning an appropriate revocation sentence, the court should sanction primarily the defendant's breach of trust.") (internal citation and quotation omitted).

The defendant was informed of his right to appeal. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** this 24th day of April, 2026.

ENTER:

David A. Faber
Senior United States District Judge

5